PROB 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## for
## NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 23 2009

JAMES N. HATTEN, Clerk
By: Deputy Clerk

U. S. A. vs. Larry Gilliam

Docket No. 1:05-CR-191-02-WSD

*AMENDED*
PETITION FOR WARRANT AND ORDER TO SHOW CAUSE
WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED

SEALED

COMES NOW N. Keith Scott PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Larry Gilliam who was placed on supervision for the offense of Bank Larceny, in violation of 18 U.S.C. §§2113(b) and 2, by the Honorable William S. Duffey, Jr., sitting in the Court at Atlanta, on the 10th day of January, 2006, who fixed the period of supervision at 36 months, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device as those terms are defined in 18 U.S.C. §921.

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the U. S. Probation Officer.

3. The defendant shall participate as directed in a program approved by the U. S. Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the U. S. Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

4. The defendant shall cooperate with DNA collection at the direction of the U. S. Probation Officer.

5. The defendant shall submit to a search and seizure of his person or property at the direction of the U. S. Probation Officer.

6. The defendant shall pay restitution of $1,801.00 immediately and jointly and severally with the codefendants in this case. If restitution if not paid in full at the time of the defendant's release, payment shall become a condition of supervised release to be paid at a rate of $50 per month.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

1. Leaving the District Without Permission:

    (a) On or about November 1, 2008, the defendant traveled outside the limits of the Northern District of Georgia to the state of New Jersey without the prior knowledge or permission of the U. S. Probation Officer.

    (b) On January 29, 2008, the defendant traveled outside the limits of the Northern District of Georgia to the Middle District of Georgia without the prior knowledge or permission of the U. S. Probation Officer.

2. New Criminal Conduct:

   (a) On January 29, 2008, the defendant committed the offense of Speeding in Monroe County, Georgia. (This offense occurred twice on the same date).

   (b) On or about November 23, 2008, the defendant was arrested in Galloway Township, New Jersey, and charged with the felony offense of Possession of a Controlled Dangerous Substance (cocaine). On March 16, 2009, the defendant entered a guilty plea in Atlantic (NJ) Superior Court to the reduced charge of Failure to Make Proper Disposition of a Controlled Dangerous Substance, and he was sentenced to 180-days imprisonment.

3. Failure to Report Contact with Law Enforcement: On January 29, 2008, the defendant was cited by Monroe County Sheriff's Office and the Georgia State Patrol for Speeding in Monroe County, Georgia, and the defendant failed to report this contact with law enforcement within 72 hours as directed.

4. Failure to Submit Monthly Supervision Reports: The defendant failed to submit a Monthly Supervision Report for the months of October and November 2008, that were due on November 5, 2008, and December 5, 2008.

5. Failure to Maintain Employment: On August 4, 2008, the defendant voluntarily resigned from his job at AAA World Floors. The defendant was employed with Skapes Industries from October 2, 2008, until he resigned on October 10, 2008. The defendant was employed with Goodwin Architectural from October 14, 2008, until his employment was terminated on October 24, 2008. The defendant has remained unemployed since October 24, 2008.

PRAYING THAT THE COURT WILL ORDER that Larry Gilliam be brought back before the Court at Atlanta, Georgia, on October 9, 2009, at 9:30 a.m. to show cause why Supervised Release heretofore entered should not be revoked.

ORDER OF COURT

Considered and ordered this __23rd__ day of September, 2009, and ordered filed and made a part of the records in the above case.

_____
Honorable William S. Duffey, Jr.
U. S. District Court Judge

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

_____
N. Keith Scott
Sr. U. S. Probation Officer

Place: Newnan, Georgia

Date: September 16, 2009

_____ 9/17/09
Jan M. Kay
Supervising U.S. Probation Officer